IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br>          Plaintiff, </br></br>v. </br></br>MARK LIVINGSTON MEDLEY, ESQ. and </br>MARK L. MEDLEY, ATTORNEY AT LAW, </br>P.C., </br>          Defendants. | CIVIL ACTION NO. 24-1105 |

## UNITED STATES' ORIGINAL COMPLAINT

The United States of America, pursuant to 26 U.S.C. § 7401 at the direction of a delegate of the Attorney General of the United States, and with the authorization and sanction of a delegate of the Secretary of the Treasury, files this Original Complaint to reduce to judgment unpaid federal income (Form 1040) tax and civil trust fund recovery (Section 6672) penalties for periods in 2018, 2019, 2020, 2021, and 2022 owed by Defendant Mark Livingston Medley, Esq. ("Medley").  In addition, the United States seeks injunctive relief against Medley and his professional corporation, Mark L. Medley, Attorney at Law, P.C. ("the P.C."), to prevent them from continuing to pyramid federal income (Form 1040) tax and employment (Form 941) tax, to compel Medley and the P.C. to timely withhold, collect, and pay over to the Internal Revenue Service employment tax liabilities he is accruing through his law practice, to pay the quarterly employment taxes and the balances due for these taxes; for injunctive relief against Medley requiring him to timely make estimated income tax payments on the schedule prescribed by the regulations; and to enjoin Medley and the P.C. from further violating and interfering with the administration of the internal revenue laws.  For its Complaint, the United States alleges as follows:

1

**JURISDICTION, VENUE, AND PARTIES**

1.  Jurisdiction is conferred upon this district court pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1331, 1340, and 1345.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396, because the individual taxpayer resides in this district and the liabilities arose in this district.

3.  Plaintiff is the United States of America.

4.  Defendant Mark Livingston Medley, Esq. is an individual resident of the State of Texas and of this district, who resides at 11011 Badger Peak, San Antonio, Bexar County, Texas 78254, within the jurisdiction of this Court. He is a practicing attorney, licensed by the State Bar of Texas since 1981, and he practices family law in this district. Medley is the taxpayer/defendant who currently owes the United States income (Form 1040) tax for tax years 2019-2022 and trust fund recovery (Section 6672) liabilities for periods 2018-2020; in the total amount of **$384,218.12** as of September 30, 2024.

5.  Defendant Mark L. Medley, Attorney at Law, P.C. is a Texas professional corporation formed in 2006, operating in this district, of which Medley is its president. It may be served at 2634 Kerrybrook Court, Suite 109, San Antonio, Texas 77230.

**FACTUAL BACKGROUND**

6.  Despite earning significant income from his law practice, Medley has a long history of failing to pay his federal income taxes, employment taxes, and unemployment taxes, for nearly four decades, dating back to 1986. Federal tax liens were filed against Medley with the Bexar County Clerk beginning in the early 1990s, which liens included 1988 and 1989 income taxes, as well as employment and unemployment taxes for periods in 1989. In fact, Medley has owed delinquent federal income tax to the Internal Revenue Service for every year

since the year 2000. His lengthy history of failing to pay federal employment taxes resulted in the assessment against him of trust fund recovery (Section 6672) civil penalties for periods in 2018, 2019, and 2020. Despite being a practicing attorney for over four decades, Medley continues to opt out of the federal tax system as if it does not apply to him.

7. On July 8, 2019, in an attempt to discharge his massive federal income tax liability, Medley filed a Chapter 7 bankruptcy, styled *In re Mark L. Medley, Debtor*; Case No. 19-51659-cag-7, in the U.S. Bankruptcy Court for the Western District of Texas, San Antonio Division. On November 26, 2019, the United States (Internal Revenue Service) filed an adversary proceeding against Medley, Adv. Case No. 19-5076-cag, in connection with his bankruptcy case, and sought a determination that his federal income taxes for years 2007-2018, then in the approximate amount of **$1.8 million,** were non-dischargeable or were an exception from discharge, under 11 U.S.C. § 523(a)(1)(C), due to Medley's willful attempts to evade or defeat his taxes. On February 4, 2020, U.S. Bankruptcy Judge Craig Gargotta entered an Agreed Judgment against Medley, finding that his 2007-2018 federal income (Form 1040) taxes are non-dischargeable, or are an exception to discharge, under 11 U.S.C. § 523(a)(1)(C) due to Medley's willful attempts to evade or defeat his taxes. This judgment was abstracted with the County Clerk of Bexar County, Texas on October 7, 2020, remains largely unpaid, and extended the statutes of limitations for collecting these taxes for 20 years.

8. Yet after the **$1.8 million** federal tax judgment was entered against him in 2020, Medley continued to fail and refuse to pay his federal taxes, and to accrue new income and employment tax liabilities, for periods in 2019, 2020, 2021, and 2022.

## COUNT 1
## Judgment Against Medley for Income Tax Liabilities

9.     On the following dates, a delegate of the Secretary of the Treasury made tax assessments against Medley for federal income (Form 1040) taxes and penalties for the following tax periods and in the following amounts (collectively, "the income tax liabilities"), which had balances due with accruals and costs as of September 30, 2024, as follows:

| Tax Period Ending | Assessment Date(s) | Assessment Type | Amounts | Balance Due 9/30/2024 |
|---|---|---|---|---|
| 12/31/2019 | 11/23/2020 | Tax | $120,753.00 | |
| | | Est. Tax. Penalty | $2,611.80 | |
| | | Late Pmt. Penalty | $3,140.00 | |
| | 10/24/2022 | Late Pmt. Penalty | $23,022.89 | $159,827.20 |
| 12/31/2020 | 09/13/2021 | Tax | $69,258.00 | |
| | | Est. Tax. Penalty | $575.58 | |
| | | Late Pmt. Penalty | $807.96 | |
| | 10/24/2022 | Late Pmt. Penalty | $7,002.32 | $80,792.28 |
| 12/31/2021 | 11/21/2022 | Tax | $70,786.00 | |
| | | Est. Tax. Penalty | $600.00 | |
| | | Late Pmt. Penalty | $1,484.28 | $47,423.21 |
| 12/31/2022 | 10/30/2023 | Tax | $30,022.00 | |
| | | Est. Tax. Penalty | $556.00 | |
| | | Late Pmt. Penalty | $447.86 | $16,612.26 |
| **Total** | | | | **$304,654.95** |

10.    A delegate of the Secretary of the Treasury gave notice and demand for payment of the income tax liabilities described above to Medley. After the application of statutory interest, penalties, fees, other additions, abatements, payments, and credits, these income tax liabilities had an unpaid balance of **$304,654.95** as of September 30, 2024. All of Medley's income tax liabilities were "self-assessed" or reported by him on his voluntarily filed federal income (Form 1040) tax returns but not paid.

11.  Despite notice and demand for payment, Medley has failed, neglected, or refused to fully pay the income tax liabilities described above.

12.  Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Medley is liable to the United States for his 2019, 2020, 2021 and 2022 income tax liabilities in the amount of **$304,654.95** as of September 30, 2024, plus pre-judgment and post-judgment interest thereon at the rates set forth in 26 U.S.C. § § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

### COUNT 2
### Judgment Against Medley for Section 6672 Trust Fund Taxes

13.  On the following dates, a delegate of the Secretary of the Treasury made assessments against Defendant Mark Livingston Medley pursuant to the provisions of 26 U.S.C. § 6672, by reason of his willful failure to collect, truthfully account for and pay over to the United States the trust fund portion of federal income and Federal Insurance Contributions Act ("FICA") taxes withheld from the wages of his employees from his solely owned professional corporation, for the following periods and in the following amounts (collectively, "the trust fund tax liabilities"), which had balances due with accruals and costs as of September 30, 2024, as follows:

| Qtr. Ending | Date of Assessment | Amount Assessed | Balance Due 09/30/2024 |
|---|---|---|---|
| 3d Q 2018 | 02/14/2022 | $5,541.54 | $6,593.36 |
| 2d Q 2019 | 02/14/2022 | $13,367.67 | $15,904.96 |
| 3d Q 2019 | 02/14/2022 | $15,747.63 | $18,736.66 |
| 4th Q 2019 | 02/14/2022 | $19,087.79 | $22,710.81 |
| 1st Q 2020 | 02/14/2022 | $13,125.96 | $15,617.38 |
| Total | | | **$79,563.17** |

14. A delegate of the Secretary of the Treasury gave notice and demand for payment of the trust fund tax liabilities described above to Defendant Mark Medley.

15. Despite notice and demand, Medley has failed, neglected, or refused to fully pay the trust fund liabilities described above. After the application of statutory interest, fees, other additions, abatements, payments, and credits, the trust fund tax liabilities described above had a **$79,563.17** unpaid balance due as of September 30, 2024.

16. Since 2006, and during the quarters above, Mark Medley owned and operated a law practice, Mark L. Medley, Attorney at Law, P.C. Medley is the sole shareholder, director, officer, president, and registered agent of this professional corporation. He was the person required to collect, truthfully account for, and pay over the trust fund portion of payroll taxes for the professional association for the quarters listed above. At a minimum, (i) he was responsible for filing the tax returns and making financial decisions for the business; (ii) he exercised his signature authority on business checks; and (iii) he signed Form 941 employment tax returns and was aware the payroll taxes were not paid. Medley also willfully failed to collect such taxes, or truthfully account for and pay over such taxes. At a minimum, he was aware or should have known the payroll taxes were unpaid before he subsequently made payment of other payrolls, as well as paying creditors in preference to the Government, such as payments to vendors, utilities, and rent.

17. Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Defendant Mark Medley is liable to the United States for trust fund (Section 6672) tax liabilities arising out of the quarters ended September 30, 2018, June 20, 2019, September 30, 2019, December 31, 2019, and March 31, 2020, in the combined amount of **$79,563.17** as of

September 30, 2024, plus pre-judgment and post-judgment interest thereon at the rates set forth in 26 U.S.C. §§ 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

### COUNT 3
### Request for Injunctive Relief Against the Medley and the P.C.

*Obligation To Make Deposits Of Employment Taxes*

18. As an employer, Medley is required by law to withhold from his employees' wages federal income and Federal Insurance Contribution Act ("FICA") taxes, and to pay over to the Internal Revenue Service (the "Service") those withholdings along with the employer's own FICA taxes ("employment taxes"). 26 U.S.C. §§ 3102, 3111, 3301, and 3402.

19. Medley is also required by law to make periodic deposits of withheld FICA taxes, as well as its share of employment taxes, in an appropriate federal depository bank in accordance with the federal deposit regulations. 26 U.S.C. §§ 6302, 6157; 26 C.F.R. §§ 31.6302-1, 31.6302(c)-1, 31.6302(c)-3. As of the date this Complaint is being filed, Medley has failed to file the second quarter of 2024 employment (941) tax return for the P.C. with the IRS, and the tax deposits for this quarter were late and short. In addition, there are unpaid employment (941) liabilities for the P.C. for the fourth quarter of 2023, and the first and second quarters 2024 in the amount of $65,056.38 as of September 30, 2024.

*Obligations To Make Estimated Income 1040 Tax Payments and Pay Income Taxes*

20. Under 26 U.S.C. § 6072 and 26 C.F.R. § 1.6072-1, Medley is required to file federal income tax returns (Form 1040) annually. Under 26 U.S.C. §§ 1401 -1403 and 26 C.F.R. § 1.1401-1, Medley is also required to pay taxes on his self-employment income.

21. Under 26 U.S.C. § 6151, Medley is required to pay any taxes due on his federal income tax returns no later than the date they are required to file the return. Such payment is required without assessments or notice and demand from the Internal Revenue

7

Service.

22.     Under 26 U.S.C. § 6654 and 26 C.F.R. § 1.6654-1, Medley is required to make estimated tax payments tax payments of any Form 1040 income tax liabilities on a quarterly basis on the schedule prescribed by the Treasury regulations.

*Medley's History of Noncompliance With His Federal Tax Obligations*

23.     Since 2006, as an employer, Medley has failed to make periodic deposits of withheld FICA (Form 941 – employment) taxes, as well as the employer's share of employment taxes, in a federal depository bank in accordance with the federal deposit regulations.

24.     Because Medley's failure to pay FICA taxes arising out of the employment (Form 941) tax liabilities of his law practice since 2006 and continuing through the first quarter of 2024, his failure to pay FICA taxes is likely to continue unless an injunction is issued.  In addition, as of the date this Complaint is being filed, as stated above, Medley and the P.C. failed to file a Form 941 employment tax return for the first quarter of 2024.

25.     Even when Medley and the P.C. fail to pay over taxes withheld from their employees' wages, the employees receive credit against any tax due; and amounts credited in excess of tax due are treated as overpayments which may be refunded to the employee. Slodov v. United States, 436 U.S. 238, 243 (1978). Thus, the United States is harmed when it must credit an employee's account, even though the withheld taxes were not paid over to the United States.

26.     Since tax year 2007, Medley and the P.C. have failed to timely pay federal employment (Form 941) tax and Medley has failed to pay his income (Form 1040) taxes.  In addition, Medley has failed to make any estimated income (Form 1040) tax payments during most of the last 17 years.

27. Because Medley has failed to fully pay quarterly estimated income taxes payments for most of the last 17 years, which has resulted in his federal income tax liabilities, including interest and penalties, of **$304,654.95** for years 2019-2022 and over **$1.8 million** for years 2007-2018, his failure to pay quarterly estimated income taxes or any income taxes is likely to continue unless an injunction is issued.

*United States' Unsuccessful Efforts to Force Medley and P.C. To Comply With Tax Laws*

28. The United States has taken numerous actions in an attempt to force Medley and the P.C. to comply with the internal revenue laws. The Internal Revenue Service has levied their bank accounts, and filed federal tax liens against them. These efforts have been inadequate to satisfy their tax liabilities and ensure that they make sufficient estimated tax payments, tax deposits, file their tax returns, and satisfy their tax liabilities.

29. Conventional collection actions have been inadequate to collect the Section 6672 trust fund recovery assessments and income tax liabilities owed by the Medley and the P.C. There are no other administrative options, such as another installment agreement and/or an offer in compromise that would be appropriate, warranting an injunction.

30. 26 U.S.C. § 7402(a) authorizes the United States District Court to issue injunctions as may be necessary or appropriate for enforcement of the internal revenue laws. The injunction remedy is in addition to, and not exclusive of, other remedies available to the United States.

31. As an employer, Medley has substantially interfered with and continues to substantially interfere with the internal revenue laws by continually failing to pay employment tax obligations required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402, and failing to make employment tax deposits as required by 26 U.S.C. § 6302.

33. Medley has substantially interfered with and continues to substantially interfere with the internal revenue laws by continually failing to make quarterly estimated income tax payments during the taxable year, and to pay his income (Form 1040) tax liabilities as required by law.

34. Medley's 17-year income tax payment history is inexcusable, and after years of non-compliance, it is unlikely that he will suddenly comply with the income tax laws.

35. The United States has expended significant resources in an attempt to bring Medley into tax compliance. While there remains some potential for collection of past due amounts through continued enforcement action, it is unlikely that they will timely pay income or employment taxes in the future. Absent an injunction, his non-compliance with their federal tax payment obligations will almost assuredly continue, causing irreparable harm to the United States.

36. Absent Court intervention, the United States lacks an adequate legal remedy to prevent additional nonpayment of employment taxes by Medley and the P.C. The United States has suffered and will continue to suffer irreparable harm as a result of Medley's law practice's violation of federal statutes, including but not limited to: (a) loss of tax revenue, including the loss of employee(s)' FICA and income taxes withheld from employees for which the employee(s) already have received credit; (b) the drain on limited Internal Revenue Service resources on account of required oversight and unsuccessful collection efforts; (c) the lack of other avenues to fully collect his law practice's employment tax liabilities; and (d) the harm to the tax system as a whole when competitors observe the law practice's continued non-compliance with the internal revenue laws.

37. The harm suffered by the United States as a result of the continued nonpayment of employment taxes outweighs any harm suffered by Medley and the P.C. being required to timely pay employment tax obligations.

38. An injunction would serve the public good. As the efficacy of the federal income tax and Social Security system relies on employers to collect and remit income and FICA taxes paid by its employees, the nonpayment undermines a vital cog in our system of tax collection. Additionally, by using tax money to pay the law practice's expenses, Medley and the P.C. exact an involuntary subsidy from taxpayers and gains an unfair competitive advantage over competitors that comply with the tax laws.

39. In the absence of an injunction backed by the Court's contempt powers, Medley and his P.C. are likely to continue to interfere with the enforcement of the internal revenue laws by nonpayment of employment taxes and federal income taxes to the detriment of the United States.

40. Therefore, the United States respectfully seeks a permanent injunction ordering that Medley and the P.C.:

a. Have engaged and are engaging in conduct interfering with the enforcement of the internal revenue laws, and that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is appropriate to stop that conduct;

b.  Deposit withheld employee income taxes, withheld employee FICA taxes, and employer FICA taxes, in an appropriate federal depository bank, in accordance with federal deposit regulations;

c. Sign and deliver affidavits to the Internal Revenue Service's collection office located at 8122 Datapoint Drive, Suite 1200, MS 5434, Attention: Robert Hunt, Revenue Officer, or to

such other location designated by the Service, no later than the 20th of each month, stating that the requisite deposits of withheld income tax, withheld FICA tax, employer FICA tax have been made in a timely manner;

d.  File any outstanding federal employment tax returns and timely file future federal employment tax returns (Forms 941);

e.  Timely pay all future liabilities due on each Form 941 return required to be filed;

f.  Be prohibited from assigning any property or making any payments after an injunction is issued until the withholding liabilities and employment taxes are first properly deposited or paid to the Service;

g.  Deposit all current or future quarterly estimated income tax payments of any Form 1040 income tax liabilities in accordance with the schedule prescribed by the Internal Revenue Code, and file all current or future Forms 1040 and to pay the balances due on them on the schedule prescribed by the Internal Revenue Code;

h.  For a period of five (5) years, submit quarterly certifications, under penalty of perjury, and supporting documentation (such documentation shall include quarterly profit and loss statements for the law practice, including draws taken by Medley, along with bank statements and cancelled checks) to the Service's office located at 8122 Datapoint Drive, Suite 1200, MS 5434, Attention: Robert Hunt, Revenue Officer, or to such other location designated by the Service; showing that they have timely made quarterly estimated income tax payments within thirty (30) days from the date such payments are due;

i.  For a period of five (5) years, Medley shall submit an annual certification under penalty of perjury, and supporting documentation to the Service's collection office located at 8122 Datapoint Drive, Suite 1200, MS 5434, Attention: Robert Hunt, Revenue Officer, or to such

other location designated by the Service; showing that they have timely filed their most recent Form 1040 income tax returns and timely paid the full amount due reported on the return within thirty (30) days from the due date of the return; and

j.      That the Court retain jurisdiction to ensure compliance with this injunction.

WHEREFORE, the United States of America prays for a judgment determining:

A.      That Defendant Mark Livingston Medley is liable to the United States for income (Form 1040) tax liabilities for tax years 2019-2022 in the amount of **$304,654.95** as of September 30, 2024, plus pre-judgment and post-judgment interest thereon at the rates set forth in 26 U.S.C. § § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

B.      That Defendant Mark Livingston Medley is liable to the United States for trust fund recovery (Section 6672) assessments for the quarters ending the third quarter of 2018, the second quarter of 2019, the third quarter of 2019, the fourth quarter of 2019, and the first quarter of 2020, in the total amount of **$79,563.17** as of September 30, 2024, plus pre-judgment and post-judgment interest thereon at the rates set forth in 26 U.S.C. § § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

C.      That a preliminary injunction, and subsequently a permanent injunction, shall issue against Medley and the P.C. as specifically requested above and incorporated herein by reference; and

D.      That awards the United States such other and further relief as this Court deems just and proper, including its costs incurred in this action, and for any surcharge authorized by 28 U.S.C. § 3011.

Respectfully submitted,

*/s/ Ramona S. Notinger*
RAMONA S. NOTINGER
Ramona.S.Notinger@usdoj.gov
Texas Bar No. 19158900
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214-880-9766 Telephone
214-880-9741 Fax

ATTORNEY FOR THE UNITED STATES